# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JASON BAMFORD,

    Plaintiff,

v.                      CASE NO.:

MAINSAIL PROPERTY
MANAGEMENT, LLC
d/b/a THE EPICUREAN,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON BAMFORD ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, MAINSAIL PROPERTY MANGEMENT, LLC d/b/a THE EPICUREAN ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a hotel in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as an executive chef in Tampa, and he worked in this capacity until December 2020.

17. On or about December 10, 2021, Plaintiff complained about his coworkers not being paid overtime in accordance with the FLSA.

18. On or about December 18, 2021, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating his employment.

19. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA RETALIATION

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. By requesting to be paid in accordance with the FLSA, Plaintiff engaged in protected activity under the FLSA.

22. By terminating his employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

24. Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

    d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including emotional distress, allowable at law; and

f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of May, 2021.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**