**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASON BAMFORD,**

      **Plaintiff,**

**v.**                                      **Case No.: 8:21-cv-01155-MSS-JSS**

**MAINSAIL PROPERTY MANAGEMENT, LLC**
**d/b/a THE EPICUREAN,**

      **Defendant.**

_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant MAINSAIL PROPERTY MANAGEMENT, LLC d/b/a THE EPICUREAN ("Defendant"), through counsel and pursuant to Rule 6(b), *Fed. R. Civ. P.*, hereby responds to Plaintiff's Complaint and states:

## JURISDICTION AND VENUE

1.    Defendant admits this action asserts violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216("FLSA"), and asserts claims of unpaid wages retaliatory discharge, liquidated damages, attorneys' fees, and other relief. Defendant denies it violated the named statutes, the asserted claims or that Plaintiff is entitled to any relief whatsoever.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint for purposes of establishing jurisdiction only, otherwise denied.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint for the purposes of establishing venue only, otherwise denied.

## PARTIES

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint, therefore denied.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, therefore denied.

8. Defendant admits Plaintiff is requesting a jury trial, but denies he is entitled to the same.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## FACTS

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT I – FLSA RETALIATION

20.     Defendant reasserts and reincorporates its responses to Paragraph 1 through 19 of the Complaint above as if fully stated herein.

21.   Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.   Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.   Defendant denies the allegations contained in Paragraph 24 of the Complaint.  Defendant denies each and every claim for relief asserted in paragraphs (a) through (f) of the WHEREFORE clause following Paragraph 24 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits Plaintiff seeks a jury trial on all triable issues, but denies such entitlement because Defendant is entitled to judgment as a matter of law.

## GENERAL DENIAL

To the extent not expressly admitted/denied herein, the allegations of the Complaint are hereby denied.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiff has failed to allege specific facts to support each and every element of his claims.

4

## SECOND DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law.

## THIRD DEFENSE

Plaintiff is not entitled to recover damages, costs, or attorney's fees because Defendant acted in good faith and at no time during his employment or thereafter.

## FOURTH DEFENSE

Plaintiff's retaliation claim fails because Defendant terminated his employment for legitimate, non-retaliatory reasons.

## FIFTH DEFENSE

Plaintiff's claims are barred because he did not engage in protected activity.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE

If Defendant is found to have committed any statutory violations, damages should be awarded only for the time period beginning two years prior to the filing of the Complaint because any violations were not willful.

## EIGHTH DEFENSE

Plaintiff's claims are barred or limited to the extent any overtime obligations or unpaid wages were paid, satisfied or released.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis that, in the event Defendant violated the FLSA, Defendant's actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless and therefore Plaintiff is only entitled to recover lost wages from the date of the verdict back to no more than two years before he filed this lawsuit.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

## THIRTEENTH DEFENSE

If the facts, as determined at trial, reveal that Plaintiff violated the established policies of Defendant with regard to employment practices, that Plaintiff should be estopped from recovering on his claim.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord, satisfaction, and/or accord and satisfaction.

## FIFTEENTH DEFENSE

Any and all employment actions taken by Defendant which affected Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTEENTH DEFENSE

Even assuming, *arguendo*, that Plaintiff can demonstrate that the employment decision to terminate Plaintiff's employment was motivated in whole or in part by Plaintiff's alleged protected activity, Plaintiff would have been terminated regardless, based on other legitimate nonretaliatory, nondiscriminatory business reasons.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred from recovery by the doctrine of unclean hands.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests:

      a.      Plaintiff's claims be stricken or dismissed with prejudice;

b.    Each and every prayer for relief in Plaintiff's Complaint be denied;

c.    Judgment be entered in favor of Defendant;

d.    All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

e.    Defendant be granted such other and further relief as this Court deems just and appropriate.

DATED: July 12, 2021

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Monica Williams Harris, Esq.*
Monica Williams Harris, Esq.
Florida Bar No. 0566780
E-mail: monica.harris@jacksonlewis.com
E-mail: denise.dawson@jacksonlewis.com
E-mail: tampadocketing@jacksonlewis.com
**JACKSON LEWIS P.C.**
100 South Ashley Drive
Suite 2200
Tampa, Florida 33602
Telephone:  (813) 512-3210
Facsimile:   (813) 512-3211

*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of July, 2021, a true and correct copy of the foregoing *Defendant's Answer and Defenses to Plaintiff's Complaint* was filed with the Clerk of the Court via CM/ECF which will automatically provide a copy to counsel of record.

/s/ Monica Williams Harris
Attorney

4819-8254-3852, v. 1

9